**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES WAYNE MARIETTA, | No. 20-15234 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-08064-MTL-CDB |
| v. | |
| LEANNE LoBUE, Nurse Practitioner; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted June 21, 2021[**]

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Charles Wayne Marietta appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendants LoBue and Erno because Marietta failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in the treatment of Marietta's renal stenosis or other serious health conditions. *See id.* at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging deliberate indifference based on delay in treatment must show that the delay caused significant harm); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

Summary judgment for defendant Correct Care Solutions ("CCS") was proper because Marietta failed to raise a genuine dispute of material fact as to whether CCS caused Marietta to suffer constitutional injuries under any potentially applicable standard. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the entity acted under color of state law and a constitutional violation was caused by the entity's official policy or custom); *Starr*, 652 F.3d at 1207-08.

We reject as without merit Marietta's contention that the district court erred by ordering defendants to produce documents concerning the medical care Marietta received after he filed the operative complaint.

**AFFIRMED.**